IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DERRICK McCLURE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:10-cv-02466-JPM-dkv |
| DEBRA K. JOHNSON, | ) |
| Respondent. | ) |

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is the Motion for Relief from Judgment Under Rule 60(b)6 and/or 60(d)(1), filed by Petitioner, Derrick McClure, Tennessee Department of Correction prisoner number 270409, who is currently incarcerated at the Turney Center Industrial Complex in Only, Tennessee. (Mot. for Relief from J., ECF No. 56.) For the reasons stated below, the Motion for Relief from Judgment is DENIED.

**I.      BACKGROUND**

McClure was convicted of first degree murder, attempted first degree murder, and two counts of especially aggravated robbery. He was sentenced to life imprisonment with the possibility of parole for the murder and to twenty-five years for the remaining counts, with those sentences to run concurrently with each other but consecutively to the murder sentence.

On June 17, 2010, McClure filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by motions seeking leave to proceed *in forma pauperis* and appointment of counsel. (§ 2254 Pet., ECF No.

1; In Forma Pauperis Decl., ECF No. 2; Mot. for Appointment of Counsel, ECF No. 3.) The § 2254 Petition presented the following claims:

1. Whether counsel rendered ineffective assistance, in violation of the Sixth Amendment, at trial and on direct appeal (§ 2254 Pet. at PageID 5-7, 16-17, ECF No. 1);

2. Whether Petitioner was given a "full and fair" evidentiary hearing on his post-conviction petition (*id.* at PageID 7-8);

3. Whether the post-conviction court erred by failing to find that due process tolled the running of the statute of limitations, as admitted by the State (*id.* at PageID 8-10);

4. Whether the trial court erred in failing to suppress Petitioner's illegal oral and written statements (*id.* at PageID 10-11, 18-21);

5. Whether the instructions to the jury were constitutionally deficient (*id.* at PageID 22-25);

6. Whether the indictment was fatally defective (*id.* at PageID 26-28); and

7. Whether trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, by failing to confer and consult with Petitioner and by failing to discover his mental health problems and that he was not competent to stand trial (*id.* at PageID 29-32).

In an order issued on June 21, 2010, the Court granted leave to proceed *in forma pauperis*. (Order, ECF No. 4.) On July 8, 2010, the Court denied the motion for appointment of counsel and directed Respondent to file the state-court record and a response to the § 2254 Petition. (Order, ECF No. 5.)

On August 2, 2010, Respondent filed a Motion to Dismiss the § 2254 Petition as time barred. (Resp't's Mot. to Dismiss, ECF No. 7.) Respondent did not file the state-court record, claiming that the trial record had been damaged in a flood. (*Id.* at 2.) McClure did not respond to the Motion. In an order issued on November 8, 2010, the Court directed Respondent to file a supplemental brief addressing whether McClure might be entitled to equitable tolling because of misconduct by his trial counsel. (Order at 9-10, ECF No. 9.) Respondent was also directed to file the entire record for the post-conviction petition. (*Id.* at 10.) On December 8, 2010, Respondent filed the trial-court record for the criminal case and the record for the post-conviction proceeding. (Resp't's Not. of Filing, ECF No. 12; Resp't's Not. of Filing, ECF No. 13.) On January 7, 2011, Respondent filed the requested Brief of Respondent Regarding Equitable Tolling of Statute of Limitations, which stated that, "[g]iven the State's concession in petitioner's post-conviction proceedings, respondent has determined that it is appropriate to withdraw the motion to dismiss in this instance and seeks leave of this Court to do so." (Resp't's Br. Regarding Equitable Tolling at 5, ECF No. 15.) Respondent also sought an extension of time to answer the § 2254 Petition. (*Id.*) The Court issued an order on January 14, 2011, granting leave to withdraw the Motion to Dismiss and extending Respondent's time to answer. (Order, ECF No. 16.)

On February 8, 2011, Respondent filed an Answer to Petition for Writ of Habeas Corpus (Answer, ECF No. 17) and the remainder of the state-court record (Resp't's 2d Not. of Filing, ECF No. 18). Petitioner filed his Reply to Respondent's Answer on April 4, 2011. (Reply, ECF No. 23.)

On February 22, 2011, Petitioner filed a Request That Respondent Be Ordered to Respond to All Issues in His § 2254 Petition. (Pet'r's Request that Resp't Be Ordered to

3

Respond to All Issues, ECF No. 21.) In an order issued on September 6, 2011, the Court granted the motion, noted that the Answer did not address three of the issues presented in the § 2254 Petition, and directed Respondent to file a supplemental answer addressing those issues. (Order, ECF No. 31.) Respondent's Supplemental Answer to Petition for Writ of Habeas Corpus was filed on September 20, 2011 (Suppl. Answer, ECF No. 32), and Petitioner's Reply to Respondent's Supplemental Answer was filed on November 16, 2011 (Reply to Suppl. Answer, ECF No. 38).

On March 8, 2011, Petitioner filed a document, titled Request of Petitioner for Court Ordered Filing of Additional Documents or in the Alternative Expansion of the Record, which sought an order directing Respondent to file the exhibits to the state-court suppression hearing. (Mot. for Filing of Additional Documents, ECF No. 22.) Respondent did not respond to the filing. In an order issued on March 1, 2012, the Court granted the Motion and directed Respondent to file the exhibits. (Order, ECF No. 39.) On April 16, 2012, Respondent filed a Notice as to State Court Motion for Suppression Exhibits, which stated that the exhibits could not be located by the Criminal Court Clerk either in Memphis or at its remote storage facility. (Resp't's Not. as to Suppression Exhibits at 2, ECF No. 43.) Counsel for Respondent further stated that he had made inquiries with the District Attorney General's Office and with Petitioner's trial counsel to ascertain whether copies of the exhibits could be located. (*Id.*) On May 2, 2012, Respondent filed the suppression hearing exhibits, which had been obtained from the District Attorney General's Office, except for McClure's oral statement to the police. (Resp't's Not. of Filing, ECF No. 44.) On June 21, 2012, Respondent filed a notice that the final suppression hearing exhibit could not be located. (Resp't's Not. as to Availability of Exh. "A", ECF No. 45.)

On April 20, 2011, Petitioner filed a Motion for [an] Evidentiary Hearing in this matter. (Pet'r's Mot. for Evid. Hr'g, ECF No. 26.) Respondent did not file a response. The Court denied the motion on March 13, 2012. (Order, ECF No. 40.)

The Court issued an order on November 7, 2013, that denied the § 2254 Petition, denied a certificate of appealability, certified that an appeal would not be taken in good faith, and denied leave to proceed *in forma pauperis* on appeal. (Order, ECF No. 50.) With respect to the two ineffective assistance claims, Claims One and Seven, the Court rejected Respondent's argument that those claims were not exhausted and were barred by procedural default. (*Id.* at 55-65.) Instead, the Court addressed Claims One and Seven on the merits and denied relief. (*Id.* at 74-86.) Judgment was entered on November 7, 2013. (J. in a Civil Case, ECF No. 51.)

McClure filed a notice of appeal and, on June 19, 2014, the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *McClure v. Johnson*, No. 13-6518 (6th Cir.).

On December 4, 2014, McClure filed his Motion for Relief from Judgment Under Rule 60(b)6 and/or 60(d)(1). (Mot. for Relief from J., ECF No. 56.) Respondent did not file a response.[1]

## II.  THE MOTION FOR RELIEF FROM JUDGMENT

State prisoners ordinarily may file only one § 2254 petition. There are restrictions on a district court's ability to consider "second or successive" petitions. 28 U.S.C. §§ 2244(b)(1)-(2). The first matter to be considered is whether McClure's motion is a second or successive § 2254 petition. This analysis requires consideration of whether the motion for reconsideration presents

---

[1] On June 3, 2015, McClure filed a motion seeking the status of his pending motion. (Mot. for Status, ECF No. 57.) For good cause shown, that motion is GRANTED. The status of the motion is stated in this order.

one or more habeas "claims." *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). "[A] [claim] as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.*

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.* at 532 (footnotes omitted). The Supreme Court clarified that

> [t]he term "on the merits" has multiple usages. . . . We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at n.4.

In his Motion for Relief from Judgment, McClure expends considerable effort in arguing that his procedural default of his ineffective-assistance claim was due to the ineffective assistance of post-conviction counsel. (Mot. for Relief from J. at 3, 7-12, ECF No. 56.) Although it is not entirely clear, McClure may also be challenging the Court's holding that Claims Five and Six are barred by procedural default. Because the Motion for Relief from Judgment is styled as a challenge to a decision declining to reach the merits of an issue, it is not second or successive.

Movant seeks relief under Federal Rule of Civil Procedure 60(b), which provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)).

Here, McClure relies on reason (6), arguing that his procedural default of Claims One and Seven is attributable to the ineffective assistance of post-conviction counsel. (Mot. for Relief from J. at 3, 12-18, ECF No. 56.) McClure is not entitled to relief under Rule 60(b)(6) for two reasons.

"[A] motion may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mitchell v. Rees*, 261 F. App'x 825, 830 (6th Cir. 2008). McClure's motion essentially argues that the Court committed a legal error in its resolution of Claims One and Seven, which falls under Rule 60(b)(1). *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007). A Rule 60(b)(1) motion may not be filed more

7

than one year after the entry of judgment, or, in this case, one year after November 7, 2013.  Fed. R. Civ. P. 60(c).  Moreover, where, as here, a Rule 60(b)(1) motion is based on legal error, it must be filed within the normal time for filing a notice of appeal.  *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).  Petitioner cannot circumvent those limitations by relying on Rule 60(b)(6).

Moreover, the entire premise of McClure's motion—that the Court denied relief on Claims One and Seven because of a procedural default—is erroneous.  As previously stated, the Court rejected Respondent's argument that Claims One and Seven were not properly exhausted and, instead, held that Petitioner was not entitled to relief on the merits.  *See supra* p. 5.[2]

Therefore, McClure's Motion for Relief from Judgment under Rule 60(b)(6) is DENIED.

McClure also seeks relief under Rule 60(d), which provides that "[t]his rule does not limit a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60(d)(1).

The Sixth Circuit Court of Appeals has held that, in appropriate circumstances, an independent action in equity may be in appropriate vehicle for reviewing a time-barred Rule

---

[2] It is unclear whether the Motion for Relief from Judgment challenges the resolution of Claims Five and Six, which were found to be procedurally defaulted.  McClure would not be entitled to relief from judgment on the basis of the Supreme Court's decision in *Martinez v. Ryan,* 132 S. Ct. 1309, 1320 (2012), because those claims do not allege that trial counsel was ineffective.  The holding in *Martinez* also does not encompass claims that appellate counsel was ineffective.  *See Martinez*, 132 S. Ct. at 1319 ("*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial review collateral proceedings for claims of ineffective assistance at trial."); *see also Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel.").  The Court of Appeals has determined that any ineffective-assistance-of-counsel argument as to Claims Five and Six is itself barred by procedural default.  *McClure v. Johnson,* No. 13-6518, slip op. at 6.

60(b)(1) motion. *Mitchell v. Rees*, 651 F.3d 593, 597 (6th Cir. 2011). The requirements for an independent action in equity are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 595 (internal quotation marks and citations omitted). The Court of Appeals also emphasized that "an independent action is available only to prevent a grave miscarriage of justice. . . . Significantly, this is a habeas case, and in that context, in order to establish that relief is required to prevent a grave miscarriage of justice, Petitioner must make a strong showing of actual innocence." *Id.* at 595-96 (internal quotation marks and citations omitted).

McClure does not have a valid, although time-barred, Rule 60(b)(1) claim because, for the reasons previously stated, the Court did not hold that Claims One and Seven were barred by procedural default. For that reason alone, McClure is not entitled to relief under Rule 60(d)(1). McClure also is not entitled to relief because he has not presented any new evidence that he is actually innocent.

McClure's Motion for Relief from Judgment under Rule 60(d)(1) is DENIED.

Because any appeal by Petitioner on the issues raised in his Motion for Relief from Judgment do not deserve attention, the Court DENIES a certificate of appealability. The Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[3]

---

[3] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED this 25th day of June, 2015.

    /s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE